**Stephen H. MARKS, Plaintiff,**

**v.**

**SAN FRANCISCO REAL ESTATE BOARD et al., Defendants.**

**No. C–71–369 ACW.**

United States District Court,
N. D. California.

Feb. 24, 1975.

Order on Motions to Reconsider, to Certify Class, and to Certify Interlocutory Appeal Sept. 17, 1975.

Francis O. Scarpulla, Josef D. Cooper, Cooper & Scarpulla, Stephen J.

Schwartz, Charles A. Lane, Schwartz & Lane, Inc., San Francisco, Cal., for plaintiff.

Moses Lasky, Gregory A. Harrison, Eric W. Jorgensen, Brobeck, Phleger & Harrison, Joseph S. Rogers, John I. Jefsen, James N. Penrod, Hassard, Bonnington, Rogers & Huber, M. Laurence Popofsky, Heller, Ehrman, White & McAuliffe, Ronald D. Rattner, Fredric C. Nelson, Frank D. MacDowell, Thelen, Marrin, Johnson & Bridges, Charles A. O'Brien, Jeremiah F. Hallisey, O'Brien & Hallisey, San Francisco, Cal., Edwin A. Heafey, Jr., Justin M. Roach, Jr., Raoul D. Kennedy, Crosby, Heafey, Roach & May, Oakland, Cal., Albert Bianchi, Bagley, Bianchi, Hoskins & Rosenberg, San Rafael, Cal., for defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO DECERTIFY CLASS

WOLLENBURG, District Judge.

This is an antitrust class action charging Defendants with conspiring to fix the rate of commission charged by real estate brokers for the sale of residential property in the county of Marin. The action was conditionally certified as a class action by order of the Court filed April 10, 1972. On June 22, 1972, the Court issued an order which revised and narrowed the class to encompass all persons who had paid a brokerage commission on the sale or lease of residential property in Marin County from February 23, 1967, to February 21, 1971. The class was subsequently modified again, and persons who only leased property were excluded.

The case is now before the Court on Defendants' motion to decertify the class. After this motion was briefed and argued and the matter submitted, the Court of Appeals for the Ninth Circuit decided *Kline v. Coldwell, Banker & Co.*, 508 F.2d 226 (9th Cir. 1974). The facts in *Kline* are nearly identical to those in the case at bar, and the Court

of Appeals' opinion addresses some of the issues raised by the pending motion. Because the present case is controlled by *Kline,* and because *Kline* requires that this case not proceed as a class action, it will be unnecessary to discuss other issues raised in Defendants' motion.

Plaintiff herein seeks to assert the claims of approximately 13,000 persons who purchased residential real property in Marin County.[1] The claims and relief pursued by Plaintiff makes an action under Rule 23(b)(3) of the Federal Rules of Civil Procedure, commonly called the "hybrid" class action, the most appropriate class action for this case. To maintain such an action, Plaintiff must satisfy the requirements of Rules 23(a) and 23(b)(3). These requirements are set out in the margin,[2] and only those portions which are pertinent to the disposition of this motion will be discussed:

■ In a class action under Rule 23(b)(3), the Court must find "that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." The Rule sets out certain factors pertinent to such a finding, but the Court's consideration is not restricted to these factors. "Manageability" is among these factors, and the Court of Appeals for this Circuit

has recently expressed great concern for the problems being imposed on litigants and on the federal judiciary by "massive" class actions. *La Mar v. H & B Novelty & Loan Company,* 489 F.2d 461, 468 (9th Cir. 1973); *cf. Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974). In *Kline* the Court of Appeals introduced the notion of fairness to the defendants as another factor to consider under Rule 23(b)(3): the class action is not "superior to other available methods for the fair and efficient adjudication of the controversy", Rule 23(b)(3), if, because the action is maintained as a class action rather than on an individual basis, each defendant becomes exposed to such massive liability as "would shock the conscience." *Kline v. Coldwell, Banker & Co., supra,* 508 F.2d at 234–235.

■ *Kline* might be distinguished from the case at bar on the ground that this issue of fairness was raised in *Kline* during a discussion of whether a defendants' class action was properly maintainable, whereas the case at bar seeks to establish only a plaintiffs' class. The concerns which led the Court of Appeals, in the case of a proposed defendants' class, to

> find that the same reasoning [that class actions are inappropriate] ap-

---

1. While the class list submitted by Plaintiff contains approximately 13,000 entries, some names appear in more than one entry, so the purported class is actually smaller than 13,000 persons.

2. Rule 23(a) provides as follows:
Prerequisite to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.
Rule 23(b)(3) provides as follows:
Class Actions Maintainable. An action may be maintained as a class action if the pre-

requisite of subdivision (a) are satisfied, and in addition:
(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

plies to treble-damage actions under the Sherman and Clayton Acts[,]

apply equally in the case of a plaintiffs' class.

In *Kline* there was a plaintiffs' class as well as a defendants' class. What increased the potential liability of the defendant class in *Kline* was not merely the fact of a defendant class. Liability in *Kline*, as in the case at bar, was based on alleged overcharges in commissions paid by sellers of real property. Individuals—particularly when, as in the present case, only residential property is involved—engage in relatively few real estate transactions in a lifetime. Unless there was a plaintiffs' class in *Kline*, the case could not have encompassed the 400,000 to 800,000 real estate transactions which the Court of Appeals found created the unconscionable prospects of staggering liability on the part of each defendant. Regardless of the number of defendants, their potential liability is a function of the number of plaintiffs and the sum of their individual claims.

This point is well illustrated by *Alsup v. Montgomery Ward & Company*, 57 F. R.D. 89 (N.D.Cal.1972). There was but a single defendant in these two consolidated cases, but because the plaintiff in one of the actions sought to represent a class of approximately 200,000, and in the other a class estimated at five to eight million, the single defendant's potential liability could have been $8.2 billion had the actions been permitted to proceed as class actions. 57 F.R.D. at 89, 92.

Since the problem of the enormity of the potential liability for each defendant is more acute in the case of a plaintiffs' class than a defendants' and is a function not of the number of parties but of the number of individual liabilities in which each defendant must share, the rule formulated by the Court of Appeals in *Kline* cannot reasonably be restricted to cases in which a defendants' class is alleged.

The same problems of proof of Plaintiffs' damages and of fairness to Defendants who will be exposed to possible liability far in excess of three times the actual damages caused by their own acts, are present in this action as well as in *Kline*. Accordingly, this Court must adopt the position of the Court of Appeals and grant Defendants' motion to decertify the class.

It is hereby ordered that Defendants' motion to decertify the class is granted, and that this action shall no longer proceed as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

It is further ordered that Plaintiff's motion to approve a class notice is denied.

ON MOTIONS TO RECONSIDER, TO CERTIFY CLASS AND TO CERTIFY INTERLOCUTORY APPEAL ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER ORDER OF FEBRUARY 24, 1975, DENYING MOTION TO CERTIFY CLASS UNDER RULE 23(b)(2) or 23(b)(3), AND GRANTING MOTION TO CERTIFY INTERLOCUTORY APPEAL

On February 24, 1975, this Court granted Defendants' motion that this case not proceed as a class action. Plaintiff now moves for reconsideration of that Order and asks, in the alternative, that a narrower class be certified than had previously been considered, that the case be certified a class action pursuant to a different subsection of Rule 23, Federal Rules of Civil Procedure, than had previously been considered, or that the Order of February 24, 1975, be certified for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

The Order of February 24, 1975, bases its conclusion on the recent case of *Kline v. Coldwell, Banker & Co.*, 508 F.2d 226 (9th Cir. 1974), *cert. denied*, 421 U.S. 963, 95 S.Ct. 1950, 44 L.Ed.2d 449

(1975). This Court is bound by the decisions of the Court of Appeals for this Circuit. 1B Moore's Federal Practice ¶ 0.402[1] at 61, n. 29 (2d ed. 1974); *Sampson v. Welch*, 40 F.Supp. 1014 (S. D.Cal.1941), *aff'd*, 138 F.2d 417 (9th Cir. 1943). The Order of February 24, 1975, expresses this Court's interpretation of the *Kline* case as applied to the record presented in this case. Whether the Court of Appeals would interpret its decision differently is a question which must now be answered by that Court.

▮ In denying the Motion to Reconsider the Order of February 24, 1975, two major considerations should be emphasized: first, each Defendant's vicarious liability for the damages and penalties of others, and, second, the manageability of the lawsuit.

This is an action under the antitrust laws of the United States to recover three times the actual damages suffered by each member of the Plaintiff class. The recovery, then, would consist of the total of the actual damages caused by each Defendant plus a penalty of two times those actual damages. The penalty is imposed as punishment for violating the antitrust laws. *Kline v. Coldwell, Banker & Co., supra*, 508 F.2d at 235, quoting Judge Learned Hand in *Lyons v. Westinghouse Electric Corp.*, 222 F.2d 184, 189 (2d Cir. 1955). The *Kline* court thus explained the inappropriateness of class actions when treble damages are recoverable:

> The intent of Congress under section 4 of the Clayton Act, 15 U.S.C. § 15, appears to have been to impose punishment upon the violator of section 1 of the Sherman Act for his own malefactions not to subject him to vicarious liability by the coincidence of a class action for the staggering damages of the multitude.

508 F.2d at 235. In the present action, as in *Kline*, a real estate broker who engaged in few transactions and earned fees equalling a relatively small sum may, "because he joined a realty board and received and followed suggestions as to proper commissions", be liable for millions of dollars in damages and penalties. 508 F.2d at 235. While the potential recovery was greater in *Kline* than in the present case, in principle the same circumstances exist.

The second consideration in denying the Motion for Reconsideration is manageability of the lawsuit. Plaintiff seeks to represent persons who sold real estate throughout Marin County during a four-year period. To determine the amount of damages suffered by the plaintiff-class would require testimony about market conditions throughout Marin County and throughout this four-year period and a determination of what rate of commission a seller could have expected to bargain for in any given location and at any given time during this four-year period. Other manageability problems which would be encountered are discussed in *Kline v. Coldwell, Banker & Co., supra*, 508 F.2d at 233–34.

▮ Next Plaintiff asks that a narrower class be certified pursuant to Rule 23(b)(3), Federal Rules of Civil Procedure, which would include all persons who paid a brokerage fee to any of the named Defendants between February 23, 1967, and February 24, 1971. The size of this class, according to Plaintiff, is approximately one-half of the 13,000 transactions included in the original class. Through this proposed class, Plaintiff seeks to avoid the problem of the original class of making a defendant liable to persons with whom the defendant did not deal.

While this proposal would decrease the size of the class, Defendants would nevertheless be jointly and severally liable for the entire amount of the recovery. A defendant who dealt with only one member of the plaintiff-class would therefore be liable to the entire plaintiff-class for the full amount of the recovery. Each Defendant would thus be

liable for three times the damages caused by each of the other Defendants, and this is the situation the *Kline* court sought to avoid. *Kline v. Coldwell, Banker & Co., supra,* 508 F.2d at 234–35. Accordingly, the Court will not certify the narrower class.

■ Plaintiff's proposal that the case proceed as a class action for injunctive relief and damages under Rule 23(b)(2) runs into the problem that damages are not available in class actions under 23(b)(2). This is an action primarily for damages, and, accordingly, even if injunctive relief is also sought, Plaintiff may not proceed under Rule 23(b)(2). *Bogosian v. Gulf Oil Corporation,* 62 F.R.D. 124, 133–34 (E.D.Pa.1973); 7A Wright & Miller, Federal Practice and Procedure § 1775 at 22 (1972); Advisory Committee's Note, Rule 23(b)(2), 39 F.R.D. 102 (1965). A class will therefore not be certified under Rule 23(b)(2).

■ Finally, Plaintiff asks that the issue whether this action should be declared a class action under either Rule 23(b)(2) or 23(b)(3) be certified to the Court of Appeals for the Ninth Circuit for an interlocutory appeal under 28 U.S.C. § 1292(b). Whether the "death knell" doctrine of *Cohen v. Beneficial Industrial Loan Corporation,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), makes the decertification order of February 24, 1975, an appealable final order under 28 U.S.C. § 1292(a) is a close question. Because the Court believes that question should be resolved in favor of Plaintiff being able to seek a clarification of the *Kline* decision from the Court of Appeals, and because the question raised by the motion under consideration here is "a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal . . . may materially advance the ultimate termination of the litigation," the motion for certification for interlocutory appeal of the question raised here will be granted. Certification will be limited, however, to the question whether the Plaintiff may pursue his claim as a class action under Rule 23(b)(3), Federal Rules of Civil Procedure. This Court does not find such a substantial difference of opinion concerning a Rule 23(b)(2) class action as would justify an interlocutory appeal of that issue.

### ORDER

It is hereby ordered that the Plaintiff's motions for reconsideration of the Court's Order of February 24, 1975, and for certification of a class action under either Rule 23(b)(2) or 23(b)(3), Federal Rules of Civil Procedure, are denied, and

It is further ordered that the question whether this case may proceed as a class action under Rule 23(b)(3) is hereby certified for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). This certification applies both to the original proposed class and the narrower class proposed in Plaintiff's Motion for Reconsideration filed March 14, 1975.